W. W. PENNY'S ADMR. *v.* R. WALKER'S ADMR. AND TAYLOR et al.

**Partnership — Advancements by One Copartner.**

Partners in the purchase of lands, in the absence of any agreement or memorandum to the contrary, are presumed to have held equal interests, therein, and in a suit for a settlement of accounts this rule should apply.

APPEAL FROM ANDERSON CIRCUIT COURT.

June 22, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It is alleged in the petition that Taylor, the plaintiff below, one Rout, and *Jno. Hudgins,* were partners in the purchase of a large tract of land in Washington county, from the heirs of Isaac B. Cox; that during the continuance of the partnership, he, Taylor, advanced to John Hudgins fifty dollars on the faith of his interest in the land, and took *from him a bond for the land,* to secure the payment of the amount thus advanced; afterward John Hudgins sold his interest in the land to William Hudgins, subject to the payment of said fifty dollars. It is further alleged that the whole of the land has long since been sold, and the last installment of the price thereof, due to William Hudgins for his interest, was collected by W. W. Penny as his attorney and agent on the —— day of ——, amounting to about $420, which has never been paid over to him. That Randall Walker, deceased, in his lifetime was for many years the sheriff of Anderson county, and at his death had fee-bills against the firm as sheriff aforesaid, for services rendered for said partners owning said land claim, amounting to about $80. That said Penny, who has since departed this life, while living agreed with him to pay him said $50, and Wm. Hudgins' part of the fee-bills, due Walker, out of the proceeds of land sales in his, Penny's, hands, but the business was not consummated before his death, and that B. S. Myres, and John E. Penny, are the administrators of said W. W. Penny, and against whom he asks judgment for the $50, as aforesaid, with its accruing interest, and for the amount of the fee-bills alleged to be due said Walker's personal representative, he, as is alleged, having also died.

It is also alleged that persons styling themselves heirs of said I. B. Cox had some years previously instituted a suit in the Washington Circuit Court against said plaintiff and others, to rescind the contract under which they claimed said land, and in the defense of said action the defendants thereto had necessarily to engage attorneys-at-law, and to pay the clerk of the Washington Circuit Court $29 for a copy of the record of the proceedings, and paid Judge Kavanaugh $30, and R. T. Brown $50, as counsel to defend said actions, and for these sums he prayed judgment against Penny's representative. Summons was actually served on Myres as one of Penny's administrators, and upon Walker's administrator, and a warning order taken against the two Hudgins, and a corresponding attorney appointed for them. None of the defendants answered but Walker's administrator, who says he holds fee-bills due the estate of his intestate by said Taylor, Rout, and Hudgins, to the amount of $65.04, which he professes to file, and claims the amount thereof — from Taylor and his partners — some of which appear to have been due as early as 1837, and from that year on to 1850. But Walker does not make his answer a cross-petition.

Some time after filing his petition, Taylor filed an affidavit, stating that the facts set forth in his petition are within the personal knowledge of John F. and Wm. Hudgins, jr.; that he is unable to prove the allegations "of his petition except as shown *by the exhibit filed,* unless by the evidence of said defendants, and their statements, if made, would sustain plaintiff's claim in every respect; and prays that they be compelled to answer said petition, and in default of an answer, he prays judgment, etc.

In an amended petition he alleges the suit of Cox's heirs against him and others had been tried and resulted favorably to the defendants.

The bond referred to as an exhibit is not filed, nor is it stated to have been lost or mislaid.

Upon final hearing, judgment was recovered against Penny's administrator in favor of Walker's administrator for $65.04, with interest from 28th of July, 1863, until paid, and his costs, and it was adjudged that Penny's administrator should pay Taylor $50, with interest from the 1st of January, 1848, until paid; also $29 and the further sum of $30, with interest from the 1st of August, 1864, and $50, with interest from the 15th of May, 1865, and costs. From this judgment Penny's administrator has appealed.

There are palpable errors for which the judgment must be reversed. From Taylor's own statements, Rout, Hudgins, and himself were partners in the purchase of I. B. Cox's claim; it is not alleged that they were not equally interested in the speculation, and in the absence of any allegation to the contrary, we must presume they were all then equally interested, and notwithstanding the alleged partnership, a judgment is rendered against Penny's representative for the full amount of Walker's fee-bills, of Brown's and Kavanaugh's fees, and of the fee-bill of the clerk of the Washington Circuit Court, when one-third of each according to the allegations of the petition was all he should have been adjudged to pay.

But we suppose it was erroneous to have rendered judgment in favor of Walker's representative when he had no action seeking one.

And before any judgment should have been rendered for the $50 alleged to have been secured by the bond, the bond should have been produced and filed, or its absence properly accounted for.

Wherefore, the judgment is reversed, and the cause is remanded with directions for further proceedings consistent with this opinion.

*Draffin,* for Appellant.

*Kavanaugh,* for Appellees.